**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

HAKEEM KORON LAQMAN                                                    PLAINTIFF

v.                                      4:12-cv-00469-BRW-JJV

SUSAN WEBBER WRIGHT,
United States District Judge; *et al.*                                 DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

While detained in the Pulaski County Detention Facility, Mr. Laqman filed a *pro se* Complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983, alleging the Defendants violated his constitutional rights.  After careful review, the Court finds his Complaint should be DISMISSED for failure to state a claim on which relief may be granted.

## I.   SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).   In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The court must also weight all factual allegations in favor of the

plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *See id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

## II.  ANALYSIS

Title 42 , section 1983 of the United States Code provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. To state a claim for relief in an action brought under § 1983, the plaintiff must establish that he was deprived of a right secured by the Constitution or the laws of the United States, and that the alleged deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Van Zee v. Hanson*, 630 F.3d 1126, 1128 (8th Cir. 2011).

### A.   United States District Court Judges Wright, Wilson, Holmes, Marshall, Eisele, Moody, Miller, Cavaneau, Deere, Kearney, Young, Ray, and Volpe[1]; Pulaski

---

[1]The undersigned has carefully considered 28 U.S.C. § 455 and concludes that recusal is not required.

County District Court Judge Lightle; and Pulaski County Prosecuting Attorney Larry Jegley

These Defendants should be dismissed because they are immune from suit. Judges and prosecutors have absolute immunity from claims for damages for acts performed within their official authority. *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988). Thus, these Defendants should be DISMISSED.

**B.      Defendants Morgan, Crouch, Wilson, Davis, Smith, Comic, Talley, Holladay, Bennett, Brawley, Musaddiq; John and Jane Does, Medical Personnel and Classification Committee, Pulaski County Detention Facility**

Although Plaintiffs names these parties as Defendants, he fails to include any allegations against them in his Complaint. The Court, therefore, finds that Plaintiff fails to state a claim on which relief may be granted and they should be DISMISSED as Defendants.

## III.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      The Complaint (Doc. No. 1) should be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.      Dismissal of the Complaint should constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3.      The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma*

---

[2]The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).

*pauperis* appeal from an Order adopting this recommendation and an accompanying Judgment would

not be taken in good faith.

 DATED this 17th day of October, 2012.

             _____

             JOE J. VOLPE
             UNITED STATES MAGISTRATE JUDGE